

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00206-CV

———————————————

DONALD BRITTON, Appellant

V.

KHALID A. AZZOUZ AND RIAD ALMASRI, Appellees

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-344232-23

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Pro se Appellant Donald Britton sued dentists Khalid A. Azzouz and Riad Almasri, along with Fort Worth Dental Institute, PLLC and Fast New Smiles of Fort Worth. Azzouz and Almasri moved for the trial court to dismiss Britton's claims against them and to award them their reasonable attorney's fees because Britton had failed to serve them with a statutorily required expert report. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b) (requiring trial court to dismiss healthcare-liability claim and to award physician or healthcare provider reasonable attorney's fees and court costs when claimant completely fails to file expert report). The trial court signed an order granting the motion and dismissing Britton's claims against Azzouz and Almasri with prejudice but did not award them attorney's fees. Britton attempts to appeal from that order.

After reviewing the clerk's record, we wrote to Britton to express our concern that we lacked jurisdiction over this appeal because it appeared that the trial court's order granting the dismissal motion was neither a final judgment nor an appealable interlocutory order. We warned Britton that unless he or any other party filed a response showing grounds for continuing the appeal, we could dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Britton responded, stating that the order "is very obviously the Final Judgment in this case" because "[a] judgment is final for purposes of appeal where it either . . . [a]ctually disposes of all parties and

claims at issue in the lawsuit, or . . . [e]xpressly states that it disposes of all claims and parties in the lawsuit even if it does not actually do so."

Our appellate jurisdiction is limited to appeals from final judgments and from interlocutory orders made appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (stating that "the general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (listing appealable interlocutory orders). When, as here, there was no conventional trial on the merits, we cannot presume that an order or judgment is final. *See Lehmann*, 39 S.W.3d at 199–200. In such cases, an order or judgment is final and appealable if it actually disposes of all claims and all parties or if it "clearly and unequivocally" states that it does. *Id.* at 205; *see In re Elizondo*, 544 S.W.3d 824, 827–28 (Tex. 2018) (orig. proceeding). A phrase such as "[t]his judgment finally disposes of all parties and all claims and is appealable" clearly and unequivocally finally disposes of a case. *Lehmann*, 39 S.W.3d at 206. Because the order here lacks such language, *see id.*, we must examine the record to determine whether the order is final, *see Elizondo*, 544 S.W.3d at 827–28.

After reviewing the record, we have determined that it appears that Britton's claims against Fort Worth Dental Institute, PLLC and Fast New Smiles of Fort Worth remain pending, as does Azzouz and Almasri's request for attorney's fees, *see* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)(1) (requiring an award of reasonable attorney's fees when expert report was not filed). The order is thus not final. *See Lehmann*,

3

39 S.W.3d at 205–06; *see also Hartwig v. Neurological Fitness & Recovery Facilities II, LLC*, No. 03-24-00300-CV, 2024 WL 3056629, at *1 (Tex. App.—Austin June 19, 2024, no pet. h.) (mem. op.) (dismissing for want of jurisdiction appeal from order granting Section 74.351(b) dismissal motion after appellant confirmed that no final judgment had been entered and that defendants' motion for attorney's fees remained pending in the trial court); *Harper v. Tex. Tech Health Sci. Ctr.*, No. 04-15-00489-CV, 2015 WL 5602298, at *1 (Tex. App.—San Antonio Sept. 23, 2015, no pet.) (per curiam) (mem. op.) ("[T]his appeal is prematurely filed, and the trial court's order [granting a Section 74.351(b) dismissal motion] will be appealable only after a final judgment is entered unless the trial court severs its order granting the appellee's motion to dismiss prior to the entry of a final judgment."); *Fisher v. Med. Ctr. of Plano*, No. 05-14-01441-CV, 2015 WL 73441, at *1–2 (Tex. App.—Dallas Jan. 6, 2015, no pet.) (mem. op.) (explaining that appeal from order granting Section 74.351(b) dismissal motion was interlocutory because plaintiff's claim was still pending in trial court against originally unserved defendant). Nor is the order here an appealable interlocutory order. *See Cofer v. Arlington Mem'l Hosp.*, No. 02-18-00111-CV, 2018 WL 2976443, at *1 (Tex. App.—Fort Worth June 14, 2018, no pet.) (mem. op.); *Harper*, 2015 WL 5602298, at *1; *Fisher*, 2015 WL 73441, at *2. *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (authorizing interlocutory appeal from order denying motion to dismiss under Section 74.351(b)), *with id.* § 51.014(a)(10)

(authorizing interlocutory appeal from order granting motion to dismiss pursuant to Section 74.351(*l*) for failure to file adequate expert report).

Without a final judgment or appealable interlocutory order, we lack jurisdiction over an appeal, and we must dismiss it. *See Lehmann*, 39 S.W.3d at 195; *see, e.g.*, *Ratley v. Ratley*, No. 02-21-00166-CV, 2021 WL 4319707, at *1 (Tex. App.—Fort Worth Sept. 23, 2021, no pet.) (mem. op.). Accordingly, we dismiss this appeal for want of jurisdiction.[1] *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  July 11, 2024

---

[1]Our dismissing this appeal does not bar Britton from pursuing an appeal from a final judgment in this case.